## Singley v. Glatfelter.

*Plaintiff's statement—Negligence, averment of—Averment of damages—Practice.*

1. A plaintiff's statement which contained in one paragraph an averment of negligence in general terms, and in a subsequent paragraph definite specifications of the negligence mentioned in the prceding paragraph, was held sufficient.

2. Where a defendant wishes to take advantage of the plaintiff's failure to give particulars in his statement of the damages claimed, the better practice is to move for a more specific statement.

3. In averring negligence in the operation of an automobile, the allegation that the negligence consisted in violating the statutes of the State pertaining to the speed and control of automobiles at street intersections, and otherwise failing to regard the rights and safety of the plaintiff and others using the highway, is insufficient; however, where the statement contains other sufficient averments of negligence, it will not be stricken off.

Motion to strike off plaintiff's statement. C. P. York Co., April T., 1927, No. 104.

*A. J. Hershey* and *James J. Logan,* for plaintiff.

*R. P. Sherwood,* for defendant and motion.

STOCK, J., June 6, 1927.—This is a suit in trespass to recover damages for the death of plaintiff's husband resulting from a collision caused by the alleged negligence of the operator of defendant's automobile.

The first reason for the motion to strike off plaintiff's statement is the language used by the pleader in paragraph 10 of the statement, wherein the fact of the collision is averred in these words: "The automobile of the defendant . . . was unlawfully, negligently and carelessly operated, and with great force came into collision and contact with said motorcycle," in which motorcycle plaintiff's husband was riding.

In paragraph 13, it is stated that "said unlawfulness, carelessness and negligence, consisting of, to wit: . . ." and here there are enumerated nine specifications of negligence, at least some of which are definite, specific allegations of acts of omission or commission on the part of the operator of defendant's automobile which clearly established negligence.

The use of the words "unlawfully, negligently and carelessly" in paragraph 10 is not to be recommended as good pleading, in that these words express a legal conclusion. However, as these words are used descriptively in this paragraph, they may be disregarded as surplusage, particularly in view of the proper averment of acts constituting negligence in the later paragraphs.

The second reason for this motion is the failure to itemize the lump charge for damages where certain special damages are pleaded and included therein. As was admitted by counsel at the time of argument, the better practice is to raise this objection by rule for more specific statement. Defendant is entitled to know the amount of, and the particulars concerning, "the large sums of money" expended, or for which plaintiff became liable on account of the treatment of the deceased and for his burial.

The third reason for this motion is the want of conciseness in paragraph 13, wherein are enumerated the several specifications of negligence. This paragraph follows a form published in a current book on practice, and seems to be rather generally used. The most objectionable parts of this paragraph are: "Violating the statutes of the State of Pennsylvania pertaining to the speed and control of automobiles at street intersections." "And in otherwise failing to regard the rights and safety of the plaintiff and others lawfully using the highway at the points aforesaid."

In Isaac v. Sargent, 40 York Leg. Record, 186, this court pointed out the objectionable features of similar clauses contained in the statement in that case, and made absolute a rule for a more specific statement. It is our opinion that the rights of defendant can be properly safeguarded by refusing to strike off this statement for this third reason, without, however, precluding the defendant from his right to pursue his remedy by a rule for more specific statement.

And now, to wit, June 6, 1927, the motion to strike off plaintiff's statement is refused, and the rule thereon granted March 31, 1927, is discharged.

From Richard E. Cochran, York, Pa.